## SUBSCRIPTION TO CAPITAL STOCK HELD NOT ENFORCIBLE.

Court of Appeals for Hamilton County.

G. A. GINTER, RECEIVER OF THE BLUE GRASS INN COMPANY,
v. F. J. BLAIN.

Decided, April 11, 1913.

*Corporations—Variance with Respect to the Purpose of a Corporation —As Stated in the Prospectus Upon Which Subscriptions for Stock Were Based and as Later Stated in the Articles of Incorporation—Preferred Stock and Cumulative Preferred Stock.*

1. Where it has not yet been determined in what state a proposed corporation is to be organized, a subscriber to the stock is entitled to a voice in such determination, and the fact that the land which it was proposed to acquire was in Kentucky raised no presumption that the company was to be a Kentucky corporation, where the subscribers were resident in Ohio and the articles were executed in this state.

2. The incorporation of a company to build and operate a hotel and restaurant is such a variance from the prospectus, which stated the purpose to be to build and possibly furnish a hotel, as to relieve a subscriber to the stock under the prospectus from liability to make payment therefor.

*Ireton & Schoenle,* for plaintiff in error.
*J. L. Kohl,* contra.

JONES, O. B., J.; SWING, P. J., and JONES, E. H., J., concur.

This is an action on account claimed to be due for an unpaid subscription to the stock of the Blue Grass Inn Company, a corporation under the laws of Kentucky. The defendant denied that he ever became such subscriber.

The only proof offered of such subscription is found in the prospectus with its accompanying subscription list which show that it was proposed to organize the Blue Grass Inn & Hotel Company to erect a hotel on certain described property located in Campbell county, Kentucky, and sets out how the capital stock shall be constituted. Upon this list of stock subscriptions appears the name of F. J. Blain as one of the subscribers under date of May 29, 1906, the amount subscribed being $1,000. Articles of incorporation were executed by five persons, four of whom were among those whose names appeared on this stock subscription list, organizing a Kentucky corporation to be known as the Blue Grass Inn, and setting out that the "business to be conducted by said company is to construct and operate a hotel and restaurant." The record shows that defendant did not in any way participate in its organization and he claims to have had no knowledge of the incorporation until the receipt of the notice demanding payment of the first instalment of stock subscription, when he made prompt inquiry, and on learning from the president of the company what had been done he repudiated their action and declined to have anything to do with the enterprise, and the president apparently recognizing his right to withdraw or rather to decline to go into the company, but without submitting the matter to the company or its board of directors, struck his name from the subscription list, and it appears no further calls were made on him until after the receivership. But defendant does not rely on such release.

We do not believe the facts shown make defendant liable as a subscriber to the stock of the company as organized. His proposal according to the prospectors was to take $1,000—in stock (cumulative preferred) at 90 cents on the dollar with an additional 20 per cent. of the par value of this subscription in common stock as a bonus. In what state the corporation was to be organized had not been determined. The laws differ widely in the different states. The defendant was entitled to a voice in this matter. It can not be said that because the land was in Kentucky, the corporation must be necessarily organized in Kentucky. The articles were executed in Ohio, where most of the subscribers resided, and it might as well be claimed, therefore,

that it was understood that it should be organized under the laws of Ohiio.

The company described in the prospectus was for the purpose of erecting the hotel, possibly to build and furnish it. The company as organized was not only to construct but also to operate the hotel and a restaurant as well. This would be such a variance from tthe terms of the original proposal that it woulld require the consent of defendant either actual or implied to hold him. *Woods Motor Vehicle Co.* v. *Brady,* 181 N. Y., 145; *Greenbrier Industrial Exposition* v. *Rodes,* 37 W. Va., 738; *Cook on Corporations,* Section 62 and Section 194.

Counsel for plaintiff in error criticise the distinction made by the court below in the charge between preferred stock and cumulative preferred stock, and argue that the rules and regulations adopted by the shareholders rather than the articles of incorporation fix such provisions. Section 564 of the Revised Statutes of Kentucky (which was introduced in evidence but is not contained in the bill of exceptions) undoubtedly does authorize the corporation by appropriate action to provide for cumulative preferred stock, but no such action by the directors or the stockholders appears in the record.

Other errors are also pointed out by counsel for plaintiff in error but, holding as we do that defendant was not a subscriber to the stock of the Blue Grass Inn Company as organized, it is not necessary to consider them, as they can be in no way prejudicial to plaintiff.

Judgment affirmed.